**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**HAKEEM PELUMI**
**Plaintiff,**

**v.** **C.A. No. 08-105 ML**

**STATE OF RHODE ISALND,**
**JEROME SMITH in his capacity**
**as District Court Administrator,**
**6th Division.**

**On behalf of Richard Finnegan,**
**Defendant.**

# MOTION TO DISMISS

Now comes the Defendant, as named in this *pro se* "Original Complaint" (the "Complaint"), State of Rhode Island, Jerome Smith in his capacity as District Court Administrator ("State" or "Defendant"), and, pursuant to Rule 12 (b)(4), (5) and (6) of the Federal Court Rules of Civil Procedure, hereby moves to dismiss the Complaint in this civil action filed by the *pro se* Plaintiff, Hakeem Pelumi ("Plaintiff" or "Pelumi"), on grounds of insufficiency of process, insufficiency of service of process and for failure to state a claim upon which relief can be granted. In support, the State submits the accompanying Memorandum of Law.

WHEREFORE, the State respectfully requests that the Honorable Court grant this Motion to Dismiss.

Respectfully submitted,
DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Laura Marasco*
/s/ *Thomas A. Palombo*

Laura Marasco, Bar No. 6678
Special Assistant Attorney General
Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 Ext. 2297
FAX: (401) 222-2995

## CERTIFICATION

I hereby certify that, on this 10th day of April, 2008, I mailed a true copy of this Motion to Dismiss by first class mail, postage prepaid, to **Hakeem Pelumi**, *pro se*, 182 Cumberland Street, Apt. 75, Woonsocket, RI 02895.

/s/ *Thomas A. Palombo*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**HAKEEM PELUMI**
**Plaintiff,**

**vi.** **C.A. No. 08-105 ML**

**STATE OF RHODE ISALND,**
**JEROME SMITH in his capacity**
**as District Court Administrator,**
**6th Division.**

**On behalf of Richard Finnegan,**
**Defendant.**

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

## INTRODUCTION

Defendant - as named in this *pro se* Complaint - State of Rhode Island, Jerome Smith in his capacity as District Court Administrator ("State" or "Defendant"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12 (b)(4), (5) and (6) of the Federal Court Rules of Civil Procedure. For the reasons set forth, Defendants assert that the "Original Complaint" (the "Complaint") in this civil action filed by the *pro se* Plaintiff, Hakeem Pelumi ("Plaintiff" or "Pelumi"), should be dismissed on grounds of insufficiency of process, insufficiency of service of process and for failure to state a claim upon which relief can be granted.

## PLAINTIFF'S COMPLAINT

Plaintiff Pelumi's *pro se* Complaint, fairly read and liberally construed, alleges that Richard Finnegan, acting as a Justice of the Peace, "willfully and intentionally took money from the Plaintiff [ ] who was then about to be released on bail." (See Complaint, p. 1.) However, Finnegan, is not named as a Defendant. Instead, Plaintiff sues Smith, in his purported capacity as "District Court Administrator." (Id.) Yet, there are no allegations against Smith. (Id.)

Plaintiff alleges the violation of 42 U.S.C. 1983, 18 U.S.C. 242, Article I, Section 5 and a due process violation. He demands $1000.00 dollars from Smith, in his official capacity, and also seeks "general," "compensatory" and "punitive" damages totaling $75,000.00. (Id.)

In addition, the undersigned Assistant Attorney General submits that, by U.S. Mail, Mr. Smith received a copy of a Summons (unsigned and undated); that he received no copy of the Complaint; that he received no Notice of Lawsuit and Request for Waiver of Service of Summons; that he received no Waiver of Service of Summons; and that he received nothing further.

## ARGUMENT

First, Plaintiff's mailing of a copy of a Summons, unsigned and undated, with no further forms or documents, is grounds for dismissal pursuant to Rule 12(b)(4) - insufficiency of process and 12(b)(5) - insufficiency of service of process. This also violates the provisions set forth in Rule 4 – Summons. Accordingly, Plaintiff's Complaint should be dismissed.

Second, Plaintiff's Complaint sets forth no allegations against the State, the District Court or Mr. Smith, in his capacity as District Court Administrator. Federal civil procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8 (a). Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957) has long stood

for the proposition that a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Here, there is no fair notice to the State, the District Court or Mr. Smith of the grounds for this civil action. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Lastly, the Defendant - as named in this *pro se* Complaint - is State of Rhode Island, Jerome Smith in his capacity as District Court Administrator. Plaintiff demands a judgment of monetary damages against Mr. Smith in his official capacity. (See Complaint, p. 2.) In his official capacity, however, Mr. Smith is not a "person" who can be sued for monetary damages under 42 U.S.C. § 1983 for alleged constitutional violations. See Will v. Michigan, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons under §1983.") As the Supreme Court reasoned, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." 491 U.S. at 71. (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). "As such it is no different from a suit against the state itself." Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) and Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978)). Thus, the Complaint in this civil action fails to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## CONCLUSION

For the reasons set forth, Defendant, State of Rhode Island, Jerome Smith in his capacity as District Court Administrator, respectfully request that the Honorable Court grant this Motion to Dismiss.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Laura Marasco*
/s/ *Thomas A. Palombo*

Laura Marasco, Bar No. 6678
Special Assistant Attorney General
Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 Ext. 2297
FAX: (401) 222-2995

**CERTIFICATION**

I hereby certify that, on this 10th day of April, 2008, I mailed a true copy of this Memorandum of Law in Support of Motion to Dismiss by first class mail, postage prepaid, to **Hakeem Pelumi**, *pro se*, 182 Cumberland Street, Apt. 75, Woonsocket, RI 02895.

/s/ *Thomas A. Palombo*