**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**HAKEEM PELUMI**
**Plaintiff,**

**vs.**

**C.A. No. 08-105 ML**

**STATE OF RHODE-ISLAND,**
**DISTRICT COURT SIXTH DIVISION**
**RICHARD FINNEGAN individually, an in his capacity as bail commissioner.**
**City of Woonsocket, Woonsocket Police department.**

**OBJECTION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Now comes the Plaintiff, Hakeem Pelumi and, pursuant to Rule 8 (d) of the Federal Court Rules of Civil Procedure, hereby moves to object to Defendants motion to dismiss the Amended Complaint in this civil action on grounds of sufficient circumstantial evidence for a permissible inference .And to request a declaratory judgment due to Defendant's failure to deny the allegation.

In support, Plaintiff, Hakeem Pelumi submits the accompanying Memorandum of Law.

WHEREFORE, Plaintiff respectfully requests that this Court deny this Defendant's Motion to Dismiss, and grant a declaratory Judgment in favor of the Plaintiff.

HAKEEM PELUMI

HAKEEM PELUMI pro se
182, Cumberland St.# 75
Woon. R.I. 02895
(401)356-0660

**CERTIFICATION**

I hereby certify that, on this 5th day of May, 2008, I mailed a true copy of this Objection to Motion to Dismiss by first class mail, postage prepaid, to, Laura Ann Marasco 150 South Main Street. Providence, R.I. 02903

*Hakeem Pelumi*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**HAKEEM PELUMI**
**Plaintiff,**
**Vs**

**. C.A. No. 08-105 ML**

**STATE OF RHODE-ISLAND,**
**DISTRICT COURT SIXTH DIVISION**
**RICHARD FINNEGAN individually, an in his capacity as bail commissioner.**
**City of Woonsocket, Woonsocket Police department.**

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff respectfully submit this Memorandum of Law in Support of its Objection to Defendant's Motion to Dismiss pursuant to **Rule 8 (d) "Effect of failure to Deny**; Defendant Failed to deny the allegation.

FRCP 12(b)"A court task in ruling on a 12(b)(6) motion is merely to assess the legal feasibility of the complaint, NOT to assay the weight of the evidence which might be offered in support thereof. Official comm. V Coopers., 322 F.3d 147, 158 (2d Cir.2003)., Cottone v. Jenne, 326 F3d 1352, 1357 (11th Cir. 2003) **Plaintiff's allegation states a claim of violation of CLEARLY ESTABLISHED LAW"**. For the reasons set forth, Plaintiff assert that the Defendant's Motion to Dismiss my Amended Complaint in this civil action should be denied on grounds of sufficient legally viable claim upon which relief can be granted. and for Defendant's failure to deny the allegations.

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Pelumi's Amended Complaint, fairly read and liberally construed, alleges that Richard Finnegan, acting as a Bail Commissioner, **"WILLFULLY STOLE"** money from the Plaintiff [ ] who was then about to be released on bail." And that "[a]s a result Plaintiff was **DEPRIVED** of his personal property **AGAINST HIS WILL** and was otherwise **WRONGED** and his **constitutional rights violated**." (Amended Complaint). Plaintiff alleges a Civil Rights violation of 42 U.S.C. 1983. Demands "declaratory judgment that the Defendants. violated the Civil Rights of the Plaintiff" as well as "compensatory" and "punitive" damages. (Amended Complaint p. 5).

**ARGUMENT**

Defendant's failure to comply with Rule 8 in regard to this court action is grounds for Objection to the motion to dismiss pursuant to Rule 8(d) "Effect of Failure to Deny". Accordingly, Defendant's Motion to dismiss should be denied and the court to grant a declaratory Judgment in favor of the Plaintiff. Defendants submission that the only summons in this case was sent in relation to the Original Complaint is null as Plaintiff has asked for the court's approval for RE-Service of process by U.S. Marshal's office, and it's still pending in court..

Defendant's claim of Plaintiff not complying by Rule 8..Fed. R. **Civ. P. Rule 8 (a). Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)** "The FRCPs DO NOT require a complaint to set out in detail the facts upon which he bases his claim. Therefore, Defendants Motion to Dismiss should be denied and ask this court to grant a Declaratory Judgment in favor of the Plaintiff.
Lastly, the Defendants allegation that "these Defendants are not a "person" who can be sued for monetary damages.", It holds that "A claim against a municipality requires allegation that an official municipal policy or custom was the legal cause of the violation. Plaintiff's complaint CLEARLY satisfy this requirement.

**Monell v New York City dept of social services. 43 US 690**. "Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels". Thus, the Complaint in this civil action does state a legally viable claim upon which relief can be granted.

**Also, Phelps** v. **US Bureau of Prisons**, 62 F.3d 1020, 1022(8th Cir.1995). "We caution the district court that it's power to sua sponte dismiss a complaint for failure to state a claim should ONLY be exercised AFTER SERVICE of process". In this action, Plaintiff is still awaiting court's approval on service of process through the Marshal's office.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss should be denied pursuant to FRCP 8(d) for Defendant's failure to deny the allegation and ask the court to grant a declaratory judgment in favor of the Plaintiff. **(b)** Plaintiff's Amended Complaint CLEARLY stated a legally viable claim upon which relief can be granted. **(c)** On compliance with Rule 12(b) 4, 5, and 6; Plaintiff has sought for Process Re-Serve through the Marshal's office from this court and awaiting its approval.

HAKEEM PELUMI pro se
182 Cumberland St. # 75
Woonsocket. R.I 02895
(401) 356-0660

HAKEEM PELUMI pro se
182 Cumberland Street. # 75
Woonsocket, R.I. 02895
(401) 356-0660

**CERTIFICATION**

I hereby certify that, on this 5th day of May, 2008, I mailed a true copy of this Memorandum of Law in Support of my Objection to Defendant's Motion to Dismiss by first class mail, postage prepaid to Laura Ann Marasco. 150 South Main Street.Providence, R.I. 02903